# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM LEE, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:06-cv-961 (WWE) |
| | : |
| UNIVERSAL PRINTING SERVICES, INC., | : |
|     Defendant. | : |

## MEMORANDUM OF DECISION ON
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This action arises from the termination of plaintiff William Lee from his employment by defendant Universal Printing Services, Inc. Plaintiff alleges that his termination violated his rights under the American with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and the Connecticut Fair Employment Practices Act. Plaintiff has, in addition, asserted claims of negligent infliction of emotional distress and wrongful discharge related to his termination. Further, plaintiff has asserted claims for breach of contract and negligent infliction of emotional distress related to an alleged joint venture agreement between plaintiff and Corporate Reproductions, an entity which plaintiff claims was an unincorporated subdivision of defendant. Now pending before the Court is defendant's Motion for Summary Judgment (Doc. #29). For the following reasons, the motion for summary judgment will be granted.

The Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1331 as to plaintiff's federal law claims and pursuant to 28 U.S.C. § 1367 as to plaintiff's state law claims.

**BACKGROUND**

The parties have submitted briefs, a stipulation of facts and supporting exhibits, which reflect the following factual background.

During the 1980s, plaintiff and Thomas Morgillo, now president of defendant Universal, owned Corporate Reproductions as partners. In the 1990s, Universal absorbed Corporate Reproductions, with plaintiff continuing as an employee of Universal without any ownership interest. Plaintiff and Morgillo agreed that they would build Corporate Reproductions and would later reconcile their respective accounts when the business closed or was sold.

In 2001, plaintiff was injured in a motorcycle accident. At the time of his termination in 2005, the only lingering injury was pain in his elbow which prevented him from playing tennis and other sports. Plaintiff was still taking medication for pain and nerve damage at the time of his termination.

Defendant's largest customer was Bayer Pharmaceuticals. When Bayer closed its Connecticut operations in 2002, defendant faced a decrease in business and revenues. In March 2005, defendant hired a consulting firm to advise it on how to survive and reduce its costs. Defendant alleges that the consultant advised defendant to terminate plaintiff to save money, a recommendation with which Morgillo agreed. On March 17, 2005, the consultant and Morgillo met with plaintiff in a conference room to notify him of his termination. Plaintiff has never seen a therapist, received any treatment or taken any medication for any psychological condition related to his termination.

After he was terminated, plaintiff's position was assumed by an employee known as Woody Ignatovich.[1]

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Defendant moves for summary judgment on all grounds, including plaintiff's claims that his termination violated the ADA. Plaintiff does not oppose defendant's

---

[1] In his response to defendant's motion, plaintiff spells his replacement's last name as "Ignatowski." The Court assumes that "Ignatowski" and "Ignatovich" refer to the same individual.

arguments on this claim. Therefore, the Court will grant summary judgment as to count II.

**I.      Age Discrimination Claim**

In count I, plaintiff alleges that he was terminated because of his age.

The ADEA prohibits treating an age-protected individual less favorably than other individuals on account of his age. 29 U.S.C. § 623(a); Stanojev v. Ebasco Servs, Inc., 643 F.2d 914, 923 (2d Cir. 1981). A cause of action under the ADEA requires evidence that plaintiff's age was a factor that made a difference in deciding conditions of plaintiff's employment. Geller v. Markham, 635 F.2d 1027, 1035 (2d Cir. 1980). The ADEA requires that "an employee's age be treated in a neutral fashion, neither facilitating nor hindering advancement, demotion or discharge." Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982).

Where there is no direct evidence of discrimination, an ADEA claim is analyzed under the shifting burdens procedure described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973).[2] Under this rubric, plaintiff must first establish a prima facie case of discrimination. Getschmann v. James River Paper Co., Inc., 822 F.Supp. 75, 77 (D. Conn. 1993). Defendant must then articulate a legitimate, non-discriminatory reason for taking the actions that establish the prima facie case. The reason provided must be both "clear and specific." Meiri v. Dacon, 759 F.2d 989, 997 (2d Cir. 1985). If defendant satisfies this requirement, plaintiff must show that defendant's proffered

---

[2]     An ADEA claim is analyzed pursuant to the same framework applicable to Title VII as considered in McDonnell Douglas. Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir. 1997).

reason is a pretext for discrimination.  Plaintiff is not required to prove that the prohibited motivation was the sole or even the principal factor in the decision, or that the employer's proffered reasons played no role in the employment decision, but only that those were not the only reasons and that plaintiff's protected status contributed to the employer's decision.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 78 (2d Cir. 2001).  At all times, plaintiff bears the burden of persuading the trier of fact that the defendant intentionally discriminated against him.  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

The ADEA requires plaintiff to establish that (1) he was a member of the statutorily age-protected group of 40 to 70 years; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination.  Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003).  At this stage, plaintiff's burden is minimal.  Fisher v. Vassar College, 114 F.3d 1332, 1335 (2d Cir. 1997).

The prima facie case is not established where plaintiff cannot show any circumstances giving rise to an inference of discrimination.  For example, the Court of Appeals for the Fifth Circuit affirmed a grant of summary judgment to the defendant in a case where the plaintiff had been replaced by individuals who were the same age as plaintiff was.  Mercer v. Capitol Mgmt. & Realty, 242 Fed. Appx. 162 (5th Cir. 2007).

Here, plaintiff was replaced by an employee who defendant claims was approximately the same age as plaintiff.  If so, plaintiff cannot establish the prima facie case of age discrimination under the ADEA.  In his response to the motion for summary judgment, plaintiff attempts to argue that defendant failed to establish Ignatovich's age,

approximate or actual, through any evidence. However, in his Rule 56(a)(2) statement of Facts, plaintiff responded to paragraph 15 of defendant's Rule 56(a)(1) statement by admitting that Ignatovich "was the same age as plaintiff." Based on this admission, the Court finds that Ignatovich is not significantly younger than plaintiff and the fact that Ignatovich replaced plaintiff does not lead to an inference of discrimination. Plaintiff has, therefore, failed to establish a prima facie case of age discrimination.

Even if Ignatovich were significantly younger than plaintiff and plaintiff, therefore, was able to establish a prima facie case, summary judgment is still appropriate. Defendant alleges legitimate business reasons for Lee's termination, namely cost savings. Such explanation satisfies defendant's burden under McDonnell Douglas. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 469 (2d Cir. 2001) ("[F]inancial motivations are legitimate business reasons for an employment action, even where the motivating factor is correlated with age."). While there is agreement among the parties as to defendant's financial difficulties and defendant's evidence demonstrates such difficulties, there is no evidence that plaintiff's termination was pretext for any illegally-motivated actions. Cf. Meacham v. Knolls Atomic Power Lab., 128 S. Ct. 2395 (2008) (indicating that business justification is an affirmative defense to be established by the defendant in an ADEA disparate treatment case). Plaintiff's averment that Lee's replacement by a person of similar age represents an "incomplete purge of Universal's older employees" is insufficient to establish an issue of material fact. See Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008) ("[A] plaintiff must provide more than conclusory allegations to resist a motion for summary judgment."). Therefore, summary judgment is appropriate on this count.

**II.     State Law Claims**

Plaintiff's only remaining claims arise under state law. Accordingly, under 28 U.S.C. § 1367(c)(3), the Court will decline to exercise supplemental jurisdiction over these claims.  See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment (Doc. #29) as to plaintiff's federal claims.  Because the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, these claims are dismissed without prejudice.  The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 15th day of July, 2008.

                                        /s/
                                    Warren W. Eginton
                                    Senior United States District Judge